# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:19-mj-03192 |
| ) | |
| v. ) | Magistrate Thomas M. Parker |
| ) | |
| ELI TAIEB ) | **MOTION TO MODIFY A CONDITION OF PRETRIAL RELEASE** |

Mr. Taieb, by and through his undersigned counsel, hereby moves the Court to modify one of the conditions of his pretrial release, which is to eliminate the requirement that Mr. Taieb continue to be subjected to electronic monitoring. According to his supervising Probation Officer, thus far Mr. Taieb has complied with all of his release conditions. For the reasons set forth below, electronic monitoring is neither appropriate nor necessary to assure Mr. Taieb's continued appearance in court in this matter, and it is imposing a significant burden on him because, unlike most of those who have electronic home monitoring, Mr, Taieb's conditions allow him to move about. Therefore, the bracelet effectively serves little or no non-punitive function.

## I. BACKGROUND

### A. Procedural Posture

Mr. Taieb was charged on July 19, 2019 in the Northern District of Ohio with a three count Complaint alleging the non-violent offenses of: 1) securities and commodities fraud (18 U.S.C. § 1348); 2) conspiracy (18 U.S.C. § 1349); and 3) wire fraud (18 U.S.C. § 1343). The Court imposed the following conditions of pretrial release: $1,000,000.00 cash bond, the

surrender of all passports, and electronic monitoring. It also allowed Mr. Taieb to travel out of the district with advance notice and approval of probation, which has occurred on several occasions in order for him to meet with counsel and also to conduct his business affairs. On the date of his initial appearance on August 2, 2019, counsel informed the Court that he might request removal of the electronic monitoring condition at a later date. Mr. Taieb has fully complied with the conditions of his pretrial release over the last five months and the current record supports this modest change in his release conditions.

>  B.  Mr. Taieb

Mr. Taieb is a 45-year-old United States citizen who has no criminal record and stands charged by complaint with a non-violent crime. He came to the United Sates 30 years ago, is happily married with four children—two of whom are school aged—and has close ties to the community where he has lived for the past 15 years.

II. **LAW AND ARGUMENT**

>  A.  **Standard for Motion to Modify Conditions of Pretrial Release**

The Bail Reform Act, 18 U.S.C. § 3142, requires the Court to release an individual pending trial when there are "condition[s] or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To make this determination, the Court must consider "the nature and circumstances of the offense charged . . . the weight of the evidence against the person . . . the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g). The Court may only impose "the least restrictive further condition, or combination of conditions, that the court

determines will reasonably assure the appearance of the person as required," *United States v. Godbole*, No. 1:12 CR 381-3, 2012 WL 3686228 at *1 (N.D. Ohio Aug. 24, 2012). Notably, the Court "may at any time amend the order to impose additional or different conditions of release," § 3142(c)(3), and the Court has an "ongoing obligation" to ensure that only the "lease restrictive conditions necessary" are employed, *United States v. Hutchins*, 298 F. Supp. 3d 1205, 1207-08 (E.D. Wis. 2017) (stating that "the operative inquiry becomes what are the *least restrictive* conditions that will *reasonably assure* the defendant's appearance"). Because a Court has this ongoing obligation, a Defendant need not present new facts to justify a change in pretrial release conditions." *See Hutchins*, 298 F. Supp. 3d at 1209.

### 1. Electronic monitoring is not necessary to assure the appearance of Mr. Taieb.

There is no record in this case, either in the Pretrial Services Report or otherwise, to indicate that Mr. Taieb is a flight risk. Yes, Mr. Taieb is a dual citizen of Israel, but that fact, standing alone, does not transform an American citizen with no record into a flight risk. This case is comparable to *United States v. Hutchins*. 298 F. Supp. 3d 1205 (E.D. Wis. 2017) (attached), although the reasons for Mr. Taieb to be removed from electronic monitoring are far more compelling. In *Hutchins*, the government charged a citizen of the United Kingdom with a non-violent offense and the Court initially placed the Defendant under electronic monitoring. *United States v. Hutchins*, 298 F. Supp. 3d 1205 (E.D. Wis. 2017). Approximately two months later, the Defendant successfully sought removal of that condition. *Id.* Agreeing with the Magistrate Judge's decision to make this change, the District Court highlighted the Defendant's continued appearance in Court to show that the GPS monitoring was unnecessary to "reasonably assure" the Defendant's appearance. *Id.* at 1208-10. This was true even though the Defendant lacked substantial ties to the United States. *Id.* at 1209. At bottom, the Court stated that "if the

3

government's argument is simply that the prior conditions were working and for that reason they should not be changed, the Court is not persuaded." *Id.* at 1209-10.

Here, the defendant is a U.S. citizen who is married, employed, and has four children and an extended family here. The government has similarly charged Mr. Taieb with a non-violent offense and Mr. Taieb's unwavering compliance with his conditions of release more than "reasonably assure[s]" his continued appearance. Indeed, as his Pretrial Services and Probation Officer, Jason Jacoby, indicates, Mr. Taieb has complied with all of his conditions over the past five months, including providing proper notification for trips to Nevada, Washington, D.C., Central Florida, and Georgia. And he returned from each and every one of those trips. Further, as in *Hutchins*, Mr. Taieb would still be subject to "continued monitoring by the pretrial services office," which would "ensure that any noncompliance with release conditions will be brought to the Court's attention and dealt with appropriately." *Id.* at 1209. And, a modification is even more appropriate here given Mr. Taieb's substantial ties to his community. He has been a U.S. citizen for over 20 years, has resided in the U.S. for more than 30 years, has pledged his home as a condition of his release, is active in his community and synagogue, and helps care for extended family members, including his elderly mother. Thus, even assuming that electronic monitoring was initially appropriate (a proposition Mr. Taieb disputes), his compliance over the past five months confirms that electronic monitoring is no longer the "least restrictive condition" to "reasonably assure" his appearance.

The government has agreed that this type of modification is warranted in similar cases. *See, e.g.*, *United States v. McKelvy*, No. 15-398-3, ECF No. 117 (E.D. Pa. Aug. 14, 2017) (granting uncontested motion to remove electronic monitoring where defendant had complied with all conditions of pretrial release); *United States v. Heredia*, No. 07-cr-02016-IEG, 2007 WL

3286409 (S.D. Cal. Oct. 15, 2007) (successfully moving *two* months after defendant was placed on electronic monitoring to strike it as a condition of release because, among other reasons, he was fully complying with all of his conditions). For good reason; the defendants' conduct, like Mr. Taieb's, established that electronic monitoring was unnecessary to mitigate flight risk.[1]

### 2. Electronic monitoring is not necessary to protect the public.

The government has not claimed—and could not credibly—that Mr. Taieb is a threat to the community. He is not now, nor ever has been, charged or convicted of any offense of violence. And neither the Complaint or the Pretrial Services Report suggest anything that would indicate that Mr. Taieb is a threat to the community.

### 3. Electronic monitoring is punitive.

Electronic monitoring condition imposes a significant hardship on Mr. Taieb (as well as Probation, incidentally). Electronic monitoring is most appropriate for someone who is subject to home detention or home incarceration, not someone like Mr. Taieb who is allowed to move about. As stated above, Mr. Taieb regularly travels throughout his community and elsewhere for work. The electronic monitoring results in multiple and frequent false alerts in business settings as well as security concerns at airports. This causes not only inconvenience but humiliation for Mr. Taieb in public and while conducting business.[2] It also requires his Pretrial

---

[1] To the extent electronic monitoring is predicated on the fact that Mr. Taieb is both a US and Israeli citizen, several points are worth noting. First, Mr. Taieb has surrendered both his US and Israel passports. Second, Mr. Taieb has no strong ties to Israel—he does not own any property or have any bank accounts there, has not lived there for 30 years, has no close relatives who permanently reside there, and is married to a woman form Columbia who does not speak Hebrew and has no interest in fleeing the United States and uprooting her family to live in a country she only has visited on a couple of occasions. Third, the fact that a co-defendant who does not have dual citizenship is not subject to electronic monitoring suggests that Mr. Taieb is being treated disproportionately simply because his mother hails from Israel.

[2] This time of year, it may be easy to be unsympathetic to someone who lives in a climate that is regularly above 80 degrees. But to put things in perspective, Mr. Taieb used to take his 8-year-

5

Services and Probation Officer to respond to numerous so-called false alarms.

**III.     CONCLUSION**

For all of the foregoing reasons, Mr. Taieb respectfully requests that the condition of electronic monitoring be removed.

Dated:   December 30, 2019

Respectfully submitted,

*/s/ Steven M. Dettelbach*
Steven M. Dettelbach (0055848)
Terry M. Brennan (0065568)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH   44114-1214
Telephone: 216.621.0200
Fax: 216.696.0740
sdettelbach@bakerlaw.com
tbrennan@bakerlaw.com
tcoleman@bakerlaw.com

*Attorneys for Defendant Eli Taieb*

---

old son to a pool every day after school to teach him how to swim.   However, because the electronic monitoring cannot be subject to significant water exposure, Mr. Taeib no longer can take his son to a swimming pool to teach him how to swim.   In addition, Mr. Taieb has to adjust the starting and ending times of business meeting based on the limited life of his ankle bracelet's battery.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2019, a copy of the foregoing document was filed electronically with the Clerk of Courts using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Dated:   December 30, 2019            */s/ Steven M. Dettelbach*
                                      Steven M. Dettelbach (0055848)
                                      *One of the Attorneys for Defendant Eli Taieb*