IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 19-MJ-3192 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE THOMAS M. |
| | ) | PARKER |
| v. | ) | |
| | ) | |
| ELI TAIEB, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION TO MODIFY A CONDITION |
| | | OF PRETRIAL RELEASE |

Now comes the United States of America, by and through the undersigned counsel, and hereby files this response in opposition to Defendant Eli Taieb's Motion to Modify a Condition of Pretrial Release. For the reasons set forth below, Defendant's Motion should be denied.

Defendant requests that his GPS ankle monitor be removed. (R. 19: Motion, PageID 64-69). Defendant justifies this request by claiming that there is no record that Mr. Taieb is a flight risk because of his ties to the community and because electronic monitoring is punitive. *(Id.)* The government's position was and remains that Defendant is a flight risk.

Defendant was charged by criminal complaint with federal crimes of conspiracy to commit securities fraud, securities fraud and wire fraud. The offenses charged carry a significant statutory maximum penalty. The conspiracy and securities fraud charges carry a 25 year sentence, and the wire fraud charge carries a 20 year sentence. The government's evidence supporting the charges in the complaint include recorded conversations between the Defendant and an undercover agent, in which Defendant discusses the scheme to sell shares of manipulated companies, and the receipt of laundered proceeds from stock sold outside the United States. The

seriousness of the conduct alleged in this case, with the potential indictment and sentence looming, provides incentive for Defendant to flee.

After Defendant recently returned from Israel, he was arrested. Before his arraignment, Defendant, by and through counsel, agreed to stipulate to a $1 million secured bond and GPS monitoring so that the government did not seek his detention. Defendant's stipulation is reflected in the Minute Order entered by Magistrate Judge Louis in SDFL. (R. 3-1: Minute Order, PageID 19). The government's primary concern was and remains that Defendant could easily use his significant wealth and connections to flee prosecution whenever he chooses.

Defendant's personal characteristics support close supervision. Defendant's dual citizenship is only one of several factors that the government has considered in assessing his risk of flight. Defendant's access to income and resources unavailable to the average defendant can be used to flee prosecution and remain abroad. For example, Defendant owns or leases a number of luxury vehicles, including a Tesla X, a Lamborghini, a Ferrari, and at least one Rolls Royce. He was arrested wearing a watch valued well over $100,000 and was able to secure his $1 million bond with his home. Should Defendant flee, he has the means to remain outside of the United States because of his wealth and his dual citizenship.

His ties to the local area are non-existent. Although Defendant outlines his ties to his family and the community in Florida, Defendant's lack of ties to the Northern District of Ohio supports a finding that Defendant poses a risk of flight. Defendant's residence in Florida, near a major port of entry, with easy access to the Caribbean and South America does not provide reasonable assurance that Defendant will appear as required.

Defendant is also believed to have substantial international connections. In the year preceding his arrest, Defendant traveled to Canada, Germany, Spain, Switzerland, Dominican

Republic, Panama, and Italy using his United States passport. While there may be innocent reasons for the travel, as evidenced by his own statements to the undercover agent, Defendant has international connections that he used to sell shares of manipulated stock. His extensive travel is yet another indicator that he has contacts abroad. Currently, the extent of Defendant's travels using his Israeli passport is unknown.

As previously stated, the government's present concern is that Defendant could easily use his significant resources to covertly flee the United States. While Defendant claims the GPS ankle monitor is punitive, it is a condition to which he agreed to avoid the possibility of detention. At the time Defendant struck the bargain with the government, he must have weighed the inconvenience and burdens of a GPS monitor with the possibility of being detained. He chose the former. Moreover, the government has been reasonable and has not objected to Defendant's extensive domestic travel on the basis that the GPS monitor provides some assurance regarding his whereabouts. Indeed, it appears that the condition has enabled him to continue his domestic business activity without much interruption. In short, the government recognizes that it may be inconvenient, but the condition is working.

Defendant has a motive to flee. He was recorded conspiring to effectuate a scheme to sell manipulated stocks through an undercover agent and party to a scheme to launder fraud proceeds back into the United States. He has significant means to flee the country. Defendant agreed to wear a GPS monitor and the Court should enforce that agreement because there is good reason for it. The Court should deny Defendant's motion.

                                                  Respectfully submitted,

                                                  JUSTIN E. HERDMAN
                                                  United States Attorney

                                      By: /s/ Alejandro A. Abreu

                                    Alejandro A. Abreu (OH #0089477)
                                    Assistant U.S. Attorney
                                    United States Court House
                                    801 West Superior Avenue, Suite 400
                                    Cleveland, Ohio 44113-1852
                                    (216) 622-3620
                                    (216) 522-2403 (facsimile)
                                    alejandro.a.abreu@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of January 2020 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                        /s/ Alejandro A. Abreu
                                        Alejandro A. Abreu
                                        Assistant U.S. Attorney