IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.  1:19-mj-03192 |
| | ) | |
| v. | ) | Magistrate Thomas M. Parker |
| | ) | |
| ELI TAIEB | ) | **UNOPPOSED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE** |

Mr. Taieb, by and through his undersigned counsel, hereby moves the Court to modify two conditions of his pretrial release, which is to eliminate the requirement that Mr. Taieb continue to be subjected to electronic monitoring, and to reduce his cash bond. For the reasons set forth below, electronic monitoring is neither appropriate nor necessary to assure Mr. Taieb's continued appearance in court in this matter and the reduction of his bond is non-objectionable. First, Mr. Taieb has faithfully complied with all of his release conditions since he was charged over fifteen months ago, and he has significant familial connections in the South Florida area where he resides. Second, he has no prior criminal record, is alleged to have committed a non-violent offense, and is not a danger to the community; indeed, his co-defendants have been indicted while he has not. Finally, electronic monitoring is imposing a significant burden on Mr. Taieb because, unlike most of those who have electronic home monitoring, Mr. Taieb's conditions allow him to move about. This results in frequent "false alarms" in public and in business settings that are humiliating to Mr. Taieb and inconvenient to both Mr. Taieb and his Pretrial Services Officer, who is forced to respond to these false alarms.

The Pretrial Services Officer assigned to Mr. Taieb has indicated that he has no issue with this request to eliminate electronic monitoring.[1] The United States Attorney's Office consents to the removal of electronic monitoring and the reduction in Mr. Taieb's cash bond and accordingly it consents to this motion.

**I.  BACKGROUND**

    **A.  Procedural Posture**

Mr. Taieb was charged on July 19, 2019 in the Northern District of Ohio with a three-count Complaint alleging the non-violent offenses of:  1) securities and commodities fraud (18 U.S.C. § 1348); 2) conspiracy (18 U.S.C. § 1349); and 3) wire fraud (18 U.S.C. § 1343).  The Court imposed the following conditions of pretrial release:  $1,000,000.00 cash bond, the surrender of all passports, and electronic monitoring.  It also allowed Mr. Taieb to travel out of the district with advance notice and approval of Pretrial Services, which has occurred on several occasions in order for him to meet with counsel and to conduct his business affairs.

Since Mr. Taieb was charged in July 2019, the other two individuals who were charged as Mr. Taieb's co-defendants, Charles Vaccaro and Dror Svorai, have been indicted in this District on counts of securities fraud, wire fraud, and conspiracy to commit the same.  *U.S. v. Vaccaro, et al.*, Case No. 20 Cr. 392 (Dkt. No. 21).  Mr. Taieb has not been indicted. Moreover, Mr. Taieb has fully complied with the conditions of his pretrial release over the last fifteen months, and his United States Pretrial Services Officer Jason Jacoby has no issues or concerns with Mr. Taieb's compliance with his conditions to date or removal of the electronic monitoring condition.  The current record supports this modest change in his release conditions.

---

[1] Mr. Taieb is supervised by the United States Pretrial Services Office for the Southern District of Florida.

### B. Mr. Taieb

Mr. Taieb is a 46-year-old United States citizen who has no criminal record and stands charged by complaint with a non-violent crime. He came to the United States 31 years ago, is happily married with four children—two of whom are school-aged—and has close ties to the South Florida community where he has lived for the past 16 years.

## II. LAW AND ARGUMENT

### A. Standard for Motion to Modify Conditions of Pretrial Release

The Bail Reform Act, 18 U.S.C. § 3142, requires the Court to release an individual pending trial when there are "condition[s] or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To make this determination, the Court must consider "the nature and circumstances of the offense charged . . . the weight of the evidence against the person . . . the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The Court may only impose "the least restrictive further condition, or combination of conditions, that the court determines will reasonably assure the appearance of the person as required." *United States v. Godbole*, No. 1:12 CR 381-3, 2012 WL 3686228 at *1 (N.D. Ohio Aug. 24, 2012). Importantly, the Court "may at any time amend the order to impose additional or different conditions of release," 18 U.S.C. § 3142(c)(3), and the Court has an "ongoing obligation" to ensure that only the "least restrictive conditions necessary" are employed, *United States v. Hutchins*, 298 F. Supp. 3d 1205, 1207-08 (E.D. Wis. 2017) (stating that "the operative inquiry becomes what are the *least restrictive* conditions that will *reasonably assure* the defendant's

3

appearance"). Because a court has this ongoing obligation, a defendant need not present new facts to justify a change in pretrial release conditions. *See Hutchins*, 298 F. Supp. 3d at 1209.

### 1. Electronic monitoring is not necessary to assure Mr. Taieb's appearance.

There is no record in this case, either in the Pretrial Services Report or otherwise, to indicate that Mr. Taieb is a flight risk. Mr. Taieb is a dual citizen of Israel; however, that fact standing alone does not transform an American citizen with no record into a flight risk. This case is comparable to *United States v. Hutchins*, 298 F. Supp. 3d 1205 (E.D. Wis. 2017), although the reasons for Mr. Taieb to be removed from electronic monitoring are far more compelling. In *Hutchins*, the government charged a citizen of the United Kingdom with a non-violent offense and the court initially placed the defendant under electronic monitoring. *Id*. Approximately two months later, the defendant successfully sought removal of that condition. *Id.* Agreeing with the Magistrate Judge's decision to make this change, the District Court highlighted the defendant's continued appearance in court to show that the GPS monitoring was unnecessary to "reasonably assure" the defendant's appearance. *Id.* at 1208-10. This was true even though the defendant lacked substantial ties to the United States. *Id.* at 1209. At bottom, the court stated that "if the government's argument is simply that the prior conditions were working and for that reason they should not be changed, the Court is not persuaded." *Id.* at 1209-10.

Here, we face a similar situation to that of the defendant in *Hutchins* in that Mr. Taieb was charged with a non-violent offense and, as his Pretrial Services Officer Mr. Jacoby indicates, Mr. Taieb has faithfully complied with all of his conditions over the past fifteen months. These facts more than "reasonably assure" Mr. Taieb's continued appearance. In addition, and as in *Hutchins*, upon removal of electronic monitoring, Mr. Taieb would still be subject to "continued

4

monitoring by the pretrial services office," which would "ensure that any noncompliance with release conditions will be brought to the Court's attention and dealt with appropriately." *Id.* at 1209.

A modification is even more appropriate here than in *Hutchins* given Mr. Taieb's substantial ties to his community. He is married, employed, and has four children who reside in the United States. He has been a U.S. citizen for over 21 years, has resided in the U.S. for more than 31 years, has pledged his family home as a condition of his release, is active in his community and synagogue, and helps care for extended family members who reside in South Florida, including his elderly mother and mother-in-law.

To the extent electronic monitoring was originally predicated on the fact that Mr. Taieb is both a U.S. and Israeli citizen, several points are worth noting even beyond Mr. Taieb's significant ties to his South Florida community. First, Mr. Taieb has surrendered both his U.S. and Israeli passports. Second, Mr. Taieb does not have strong ties to Israel—he does not own any property or have any bank accounts there, has not lived there since he was a young teenager, has no close relatives who permanently reside there, and is married to a woman from Colombia who does not speak Hebrew. She has no interest in fleeing the United States and uprooting her family to live in a country she only has visited on a few occasions.

Even if electronic monitoring was initially appropriate, and even though Mr. Taieb initially stipulated to a $1 million secured bond and electronic monitoring prior to his arraignment, over fifteen months have passed since that original agreement. Mr. Taieb's faithful compliance with his conditions over the past fifteen months confirms that electronic monitoring is no longer the "least restrictive condition" to "reasonably assure" his appearance.

The government has agreed that this type of modification is warranted in similar cases. *See, e.g.*, *United States v. McKelvy*, No. 15-398-3, ECF No. 117 (E.D. Pa. Aug. 14, 2017) (granting uncontested motion to remove electronic monitoring where defendant had complied with all conditions of pretrial release); *United States v. Heredia*, No. 07-cr-02016-IEG, 2007 WL 3286409 (S.D. Cal. Oct. 15, 2007) (successfully moving two months after defendant was placed on electronic monitoring to strike it as a condition of release because, among other reasons, he was fully complying with all of his conditions).    In these cases, the defendants' conduct, like Mr. Taieb's, established that electronic monitoring was unnecessary to mitigate flight risk.

**2.    Electronic monitoring is not necessary to protect the public.**

The government has not claimed that Mr. Taieb is a threat to the community, nor could it. Mr. Taieb has never been charged with or convicted of any offense of violence.    Further, while his co-defendants have been indicted since the charging Complaint was filed on July 19, 2019, Mr. Taieb has not.    Finally, neither the Complaint nor the Pretrial Services Report suggest anything that would indicate that Mr. Taieb is a threat to the community.

**3.    Electronic monitoring presents a significant burden on Mr. Taieb.**

The electronic monitoring condition imposes a significant hardship on Mr. Taieb. Electronic monitoring is most appropriate for someone who is subject to home detention or home incarceration, not someone like Mr. Taieb who is allowed to move about.    Mr. Taieb regularly travels throughout his community, and he works outside the home and takes business meetings both at his office and in public establishments.    The electronic monitoring results in multiple and frequent false alerts in business and religious settings.    This causes not only inconvenience and disruption, but humiliation for Mr. Taieb in public settings.    It also requires his Pretrial Services Officer to respond to numerous so-called false alarms.    Further, the electronic

6

monitoring bracelet significantly impacts Mr. Taieb's quality of life, causing irritation of his leg during his day-to-day activities and preventing him from engaging in regular activities common for a family in South Florida, including swimming with his young son and daughter and accompanying them on trips to the beach.

**4.     A $1,000,000 bond is unnecessary to assure Mr. Taieb's appearance.**

As set forth above, a $1,000,000 cash bond is not necessary to ensure Mr. Taieb's appearance, and the government agrees that $250,000 is a sufficient bond.

### III.    CONCLUSION

For all of the foregoing reasons, Mr. Taieb respectfully requests that the condition of electronic monitoring be removed, and that his bond be reduced to $250,000.

Dated:   November 17, 2020                              Respectfully submitted,

*/s/ Steven M. Dettelbach*
Steven M. Dettelbach (0055848)
Terry M. Brennan (0065568)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH   44114-1214
Telephone: 216.621.0200
Fax: 216.696.0740
sdettelbach@bakerlaw.com
tbrennan@bakerlaw.com

*Attorneys for Defendant Eli Taieb*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, a copy of the foregoing document was filed electronically with the Clerk of Courts using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Dated: November 17, 2020

*/s/ Steven M. Dettelbach*
Steven M. Dettelbach (0055848)
*Attorney for Defendant Eli Taieb*